1  BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
2  THOMAS J. O'REARDON II (247952)
CRAIG W. STRAUB (249032)
3  501 West Broadway, Suite 1490
San Diego, CA  92101
4  Tel: 619/338-1100
619/338-1101 (fax)
5  tblood@bholaw.com
toreardon@bholaw.com
6  cstraub@bholaw.com

7  THE FRASER LAW FIRM, P.C.
MICHAEL T. FRASER (275185)
8  4120 Douglas Blvd., Suite 306-262
Granite Bay, CA  95746
9  Tel: 888/557-5115
866/212-8434 (fax)
10  mfraser@thefraserlawfirm.net

11  Attorneys for Plaintiff

12  **UNITED STATES DISTRICT COURT**

13  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  KAREN NELSON, individually, and on behalf of all others similarly situated, | Case No.   '18 CV 2225 H    AGS |
| 15 | **CLASS ACTION** |
| 16           Plaintiff, | |
| | **CLASS ACTION COMPLAINT** |
| 17        v. | |
| 18  THE COCA-COLA COMPANY, | |
| 19           Defendant. | **JURY TRIAL DEMANDED** |

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

00140664

Plaintiff Karen Nelson ("Plaintiff") brings this class action complaint against Defendant The Coca-Cola Company ("Defendant"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to Plaintiff's acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.     Defendant manufactures, markets, advertises, and sells a line of products in the "alternative" soda beverage category, which Defendant prominently labels and sells as "Hansen's Natural" sodas (collectively, the "Hansen's Natural Sodas", individually, a "Hansen's Natural Soda"). Defendant uses the "natural" branding strategy and labeling claim as the primary feature differentiating Hansen's Natural Sodas from other soda products in the marketplace. However, Defendant's advertising and marketing is false, deceptive and misleading because each Hansen's Natural Soda product contains one or more artificial and/or synthetic, non-natural ingredients, including Ascorbic Acid, Citric Acid, and Caramel Color.

2.     The labeling for the Hansen's Natural Sodas is materially the same for all flavors of the Hansen's Natural Sodas, and appears as follows:

 

3.     Plaintiff relied on Defendant's representation that its Hansen's Natural Sodas were in fact "natural" and that representation was material to her and other Class members' decision to purchase the Hansen's Natural Sodas. In

Blood Hurst & O'Reardon, LLP

CLASS ACTION COMPLAINT

00140664

fact, the "natural" branding strategy and labeling representation is central to the marketing and sale of the Hansen's Natural Sodas.

4.     A reasonable consumer would expect that a product branded and labeled "natural" does not contain any artificial or synthetic ingredients. Defendant's representation that the Hansen's Natural Sodas are "natural" is false, misleading, and reasonably likely to deceive the public. Defendant's advertising and marketing campaign is designed to cause consumers to purchase Hansen's Natural Sodas as a result of this deceptive message, and Defendant has succeeded.

5.     Plaintiff brings this action on behalf of herself and other similarly situated consumers in the United States to halt the dissemination of Defendant's false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Hansen's Natural Sodas. Plaintiff alleges violations of the California Consumers Legal Remedies Act, California's Unfair Competition Law, and breach of the express warranty created by Defendant's advertising, including its labeling.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7.     This Court has personal jurisdiction because Defendant's contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through its sales of the Hansen's Natural Sodas to consumers, including Plaintiff.

BLOOD HURST & O'REARDON, LLP

00140664

2

CLASS ACTION COMPLAINT

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant engages in continuous and systematic business activities within the State of California. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## PARTIES

9.     Plaintiff Karen Nelson is a resident of San Diego County, and over the age of eighteen (18) years. Plaintiff most recently purchased Hansen's Natural Sodas in the summer of 2016 from a Walmart store located at 732 Center Drive, San Marcos, California 92069. Plaintiff was exposed to, read and relied on the "natural" representation that was prominently displayed on the front label of the Hansen's Natural Sodas she purchased at Walmart. Plaintiff also purchased Hansen's Natural Sodas at Sprouts Farmers Market and Smart & Final. Prior to her purchases of Hansen's Natural Soda, Plaintiff was exposed to and read the "natural" representation that was prominently displayed on the front label of every Hansen's Natural Soda. At the time she made her purchases, Plaintiff believed that Defendant's Hansen's "Natural" Soda was in fact natural, *i.e.*, free of any artificial and synthetic ingredients. Plaintiff relied on Defendant's representation that Hansen's Natural Sodas are "natural" and she would not have purchased Defendant's Hansen's Natural Sodas if she had known they were not natural but instead contained artificial and synthetic ingredients. Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct.

10.     Defendant, The Coca-Cola Company, is a Delaware corporation, with its principal place of business located in Atlanta, Georgia. Defendant manufactures, markets and sells the Hansen's Natural Sodas throughout the United States, including in California. In 2015, Defendant purchased Corona, California-based Monster Beverage Corporation's non-energy products, including Hansen's Natural Sodas, for $2.15 billion. Following Defendant's

CLASS ACTION COMPLAINT

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

acquisition of Hansen's Natural Sodas, Hansen's offices remained in Corona, California.

11. At all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant, and at all times relevant herein, each were acting within the course and scope of that agency and employment.

12. Whenever reference in this Class Action Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, retailers, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified, and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## **FACTUAL ALLEGATIONS**

13. There is a strong consumer demand for products that are "natural" and free of artificial and synthetic ingredients. Natural products reportedly generated sales of $81 billion in 2010 alone. Reasonable consumers, including Plaintiff and Class Members, value natural products for important reasons including the belief that they are safer and/or healthier than products that are not represented as natural.

14. There is also a well-recognized association amongst consumers between the concept of nature (or "natural" food and drink products) and positive feelings associated with nature. According to a 2017, peer-reviewed systematic review of 72 published journal articles on the importance of naturalness, "naturalness per se is perceived as a desirable product attribute."[1]

---

[1] S. Roman et al., *The importance of food naturalness for consumers: Results of a systematic review*, Trends in Food Science & Technology 67:44-57 (2017).

00140664

CLASS ACTION COMPLAINT

15.   Academics hypothesize that the positive associations of so-called natural products are rooted in part to "Argumentum ad Naturam" or "appeal to nature," which is the logical fallacy that "natural" is always better than "unnatural." Whether or not it is true that what is natural is good or better than what is unnatural, there is a reasonable tendency to believe that things which are natural are superior by virtue of their natural qualities.

16.   "Natural" is a marketing buzzword because it positively influences consumer perception and purchase decisions. For example, the 2015 Nielsen Global Health and Wellness Survey, conducted in 60 countries and involving 30,000 consumers, revealed that the most desirable food attributes are freshness, naturalness, and minimal processing.[2] Similarly, a 2012 study of over 4,000 consumers in eight European countries found that food naturalness was a "decisive buying incentive."[3]

17.   In 2004, Rozin and co-authors published the results from two studies of Americans examining the preference for "natural" with foods and medicines. The authors observed that "In recent decades, in the developed world, especially in the United States, a strong desire for things that are natural has appeared." Based on the results of their two studies, Rozin et al. concluded "that there is a substantial natural preference."[4]

18.   In 2017, Roman et al. published the results from the first-ever systematic review of the literature on consumers' perceived importance of food

[2]   https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf

[3]   http://goodmillsinnovation.com/sites/kfi.kampffmeyer.faktor3server.de/files/attachments/1_pi_kfi_cleanlabelstudy_english_final.pdf

[4]   P. Rozin et al., *Preference for natural: instrumental and ideational/moral motivations, and the contrast between foods and medicines*, Appetite 43:147-154 (2004).

BLOOD HURST & O'REARDON, LLP

5

CLASS ACTION COMPLAINT

naturalness. Based on their scientific review of 72 studies conducted in 32 countries involving 85,348 consumers, the authors found that "independent of the country and the year of the study, naturalness was considerably important for consumers," and "for the majority of consumers in developed countries, naturalness in food products is important." According to the authors, "[i]t is important to realize that consumers' perceptions of a food product not only influence the willingness to buy it, but also the sensory experience of that product as well [as] other properties related to it" and therefore, "the food industry needs to develop foods that are perceived as natural and as a result evoke positive thoughts consumers associate with natural foods."[5]

### Hansen's Natural Sodas

19.   In the 1930s, Hubert Hansen started a juice company that came to be known as Hansen Natural Corporation. In 2002, the company began selling Monster Energy drinks in addition to the natural soda drinks. Between 2003 and 2011, the company's annual revenue went from $50 million to $1.7 billion and the company renamed itself Monster Beverage Corporation. In 2015, Defendant Coca-Cola acquired Hansen's Natural Sodas from Monster Beverage Corporation.

20.   Throughout a long-term advertising campaign, Hansen's natural soda products have been consistently marketed as the natural alternative within the soda product marketplace.

21.   For instance, according to a beverage industry analyst quoted in a 1993 article published in the Los Angeles Times, "'The idea has been that Hansen wasn't so much formulated as blended from natural products…A lot of

---

[5]   S. Roman et al., *The importance of food naturalness for consumers: Results of a systematic review*, Trends in Food Science & Technology 67:44-57 (2017).

BLOOD HURST & O'REARDON, LLP

00140664

people perceive it as a healthier beverage" than its cola competitors.'"[6] According to the same article, Hansen's natural, healthy image was at the heart of its advertising as far back as the 1970s: "Hansen executives also hope to build on the 'good for you' image that was at the heart of the advertising and marketing concocted by founder Hansen in the late 1970s."

22.   In its 2009 annual report, the makers of Hansen's natural soda emphasized their product differentiation as a key marketing and sales factor: "We believe that one of the keys to success in the beverage industry is differentiation, which entails making our products visually distinctive from other beverages on the shelves of retailers."

23.   In its 2004 annual report, Hansen Natural Corporation explained that its soda products compete in the "alternative" beverage category, and that the marketing and packaging for its "natural" soda products emphasize the natural aspect of the products and are specifically focused on consumers who seek products that do not contain artificial ingredients:

> We focus on consumers who seek products that are perceived to be natural and healthy and emphasize the natural ingredients and the absence of preservatives, sodium, artificial coloring and caffeine in our beverages (other than our energy drinks) and the addition to most of our products, of one or more supplements. We reinforce this message in our product packaging. Our marketing strategy with respect to our nutrition food bars is similarly to focus on consumers who seek bars that are perceived to be natural and healthy. We emphasize the natural ingredients and the absence of preservatives.

24.   According to Hansen Natural Corporation in 2006, "The premium healthier brand image enjoyed by Hansen's Natural Sodas offers unlimited

---

[6]   Greg Johnson, "Hansen Soda Company Bubbling Over With Possibilities: Retailing: The beverage maker says it is well positioned to take advantage of the trend toward 'New Age' drinks," L.A. Times, June 1, 1993, http:www. http://articles.latimes.com/1993-06-01/business/fi-42144_1_tim-hansen.

CLASS ACTION COMPLAINT

00140664

BLOOD HURST & O'REARDON, LLP

opportunity to capture substantial additional share of the CSD [carbonated soft drink] market, through national distribution."

25.    "Consumers asked and we listened" Gregg Arends, then the vice president, marketing for Hansen's Beverage Company[7] explained in an April 4, 2008 press release to www.marketwired.com.[8] In that Press Release, Hansen's described the then-newly released Hansen's Natural Sodas as "exotic-flavored, all natural sodas."[9] Moreover, in a section titled *About Hansen Natural Corporation*, Hansen's warranted that "Hansen's brand products are free of preservatives and contain no artificial colors …."[10] Thus, since their inception, Hansen's has always considered and sought to convince the public that the "natural" branding and labeling on the Hansen's Natural Sodas promises that the products are free from non-natural ingredients.

26.    In its 2010 annual report, Hansen Natural Corporation described that its natural soda products are within the "new age," "alternative" beverage category industry:

> We develop, market, sell and distribute "alternative" beverage category beverages, primarily under the following brand names…Hansen's Natural Sodas®…
>
> **Industry Overview**
>
>     The "alternative" beverage category combines non-carbonated ready-to-drink iced teas, lemonades, juice cocktails, single-serve juices and fruit beverages, ready-to-drink dairy and coffee drinks, energy drinks, sports drinks, and single-serve still water (flavored, unflavored and enhanced) with "new age"

---

[7]    The Hansen Beverage Company formally changed its name to the Monster Energy Company in 2012. *See* http://articles.latimes.com/2012/jan/06/business/la-fi-hansen-20120106 (last visited August 8, 2018).

[8]    *See* http://www.marketwired.com/press-release/hansens-natural-soda-now-made-with-real-cane-sugar-840536.htm (last visited August 7, 2018).

[9]    *Id.*

[10]    *Id.*

BLOOD HURST & O'REARDON, LLP

00140664

beverages, including sodas that are considered natural, sparkling juices and flavored sparkling beverages. According to Beverage Marketing Corporation, domestic wholesale sales in 2010 for the "alternative" beverage category of the market are estimated at $27.3 billion representing an increase of approximately 3.9% over the estimated domestic wholesale sales in 2009 of approximately $26.3 billion (revised from a previously reported estimate of $29.9 billion).

27.     Coca-Cola's "Venturing and Emerging Brands" unit took ownership of Hansen's Natural Sodas when Defendant acquired the products from Monster Energy in 2015. In a story published on Defendant's website after the acquisition, Defendant promoted Hansen's "strong history and credibility" in the alternative, craft beverage space, and the marketing and sales opportunity presented by Hansen's Natural Sodas: "Consumers today, especially Millennials, want products that are new and different and reflect their lifestyles. They want to know how their beverages are made and where the ingredients come from, and they want to embrace both the founder's story and the brand's personality. The Hansen's brands fit with this mission."

28.     Defendant makes the same "natural" branding and labeling misrepresentations about all flavors of its Hansen's Natural Sodas at issue: Hansen's Natural Cherry Vanilla, Hansen's Natural Root Beer, Hansen's Natural Ginger Ale, Hansen's Natural Grapefruit, Hansen's Natural Key Lime Twist, Hansen's Natural Kiwi Strawberry, Hansen's Natural Mandarin Lime, Hansen's Natural Orange, Hansen's Natural Orange Mango, Hansen's Natural Original Cola, Hansen's Natural Pomegranate, and Hansen's Natural Vanilla Cola (the "Hansen's Natural Sodas").

29.     A reasonable consumer understands the representation that a product is "natural" to mean that none of its ingredients are synthetic or artificial.

30.     However, despite Defendant's claims, the Hansen's Natural Sodas are not "natural." Each of the Hansen's Natural Sodas contains one or more of

BLOOD HURST & O'REARDON, LLP

9

CLASS ACTION COMPLAINT

1  the following artificial or synthetic ingredients: caramel Color, citric acid, and
2  ascorbic acid.

3      31.    Caramel color, by definition, is an artificial color and therefore non-
4  natural ingredient. According to the FDA, "all color additives regardless of
5  source" are artificial or synthetic.[11]

6      32.    Indeed, in a December 2014 letter to Consumers Union, the
7  lobbying arm of Consumer Reports, the FDA unequivocally declared that
8  caramel color specifically is an artificial ingredient. In its letter, the FDA's
9  Acting Director stated that "FDA agrees that the use of the word 'natural' on
10 products that contain ***any*** artificial ingredients is ***inappropriate***." *See* Exhibit A
11 attached (emphasis added).

12     33.    Citric acid and ascorbic acid are additional synthetic, non-natural
13 ingredients present in one or more of the Hansen's Natural Sodas.

14     34.    Citric acid is a synthetic substance. Citric acid is not extracted from
15 citrus fruits, but industrially manufactured by microbial fermentation with
16 (typically genetically modified) black mold (*Aspergillus niger*) by feeding it
17 highly processed and/or genetically modified corn syrup.

18     35.    Ascorbic acid is a chemically modified form of vitamin C used in
19 foods as a chemical preservative (21 C.F.R. § 182.3013) that is a recognized
20 synthetic by federal regulation. 7 C.F.R. § 205.605(b). Unlike natural vitamin C,
21 synthetic ascorbic acid is generally produced from corn or wheat starch being
22 converted to glucose, then to sorbitol and then to ascorbic acid through a series
23 of chemical processes and purification steps.

24     36.    The FDA has recognized citric acid and ascorbic acid as chemical
25 preservatives. In a 2010 warning letter issued to Chiquita Brands International,
26 the FDA identified citric acid and ascorbic acid as "chemical preservatives."[12]

27
28 [11]   *See* 21 C.F.R. § 101.22(a)(4) (declaring that all color additives are
artificial).

BLOOD HURST & O'REARDON, LLP

00140664

10

CLASS ACTION COMPLAINT

1   37.    The  FDA  has  issued  numerous  warning  letters  to  food
2   manufacturers  on  the  basis  that  products  advertised  as  "natural"  "means  that
3   nothing  artificial  or  synthetic  has  been  included,  or  has  been  added."  In  two
4   separate  warnings  letters  from  2001,  the  FDA  advised  companies  that  products
5   containing  citric  acid  should  not  be  described  as  "natural."[13]

6   38.    As  a  result  of  the  presence  of  these  artificial  and  synthetic
7   ingredients  in  the  Hansen's  Natural  Sodas,  reasonable  consumers  have  been
8   misled  by  Defendant's  false  and  misleading  representation  that  the  Hansen's
9   Natural  Sodas  are  "natural."

10  39.    Defendant's  representation  that  the  Hansen's  Natural  Sodas  are
11  "natural"  is  a  material  representation  because  consumers  attach  importance  to
12  "natural"  claims  when  making  purchase  decisions,  especially  when  buying  drink
13  products.  Thus,  Defendant  markets  and  advertises  its  Hansen's  Natural  Sodas  as
14  "natural"  in  order  to  differentiate  the  products,  increase  sales  and  induce
15  consumers  to  purchase  its  Hansen's  Natural  Sodas.  Plaintiff  and  members  of  the
16  Class  were  among  the  intended  recipients  of  Defendant's  deceptive  "natural"
17  representations.  Plaintiff  and  members  of  the  Class  reasonably  relied  to  their
18  detriment  on  Defendant's  misleading  representations.

19  40.    Defendant's  false,  misleading,  and  deceptive  misrepresentations  are
20  likely  to  continue  to  deceive  and  mislead  reasonable  consumers  and  the  general
21  public,  as  they  have  already  deceived  and  misled  Plaintiff  and  members  of  the
22  Class.

23
24  [12]    *See*         http://wayback.archive-it.org/7993/20161023101747/http://
25  www.fda.gov/ICECI/EnforcementActions/WarningLetters/2010/ucm228663.htm
    (last visited September 12, 2018).

26  [13]    *See* FDA Warning Letter to Hirzel Canning Co. (August 29, 2001) (the
27  term "natural" should not be used to describe chopped tomato products because
    they contain citric acid and calcium chloride); FDA Warning Letter to Oak Tree
28  Dairy Farm (August 16, 2011) (lemonade drink should not be described as
    "natural" because it contains citric acid).

BLOOD HURST & O'REARDON, LLP

00140664

11
CLASS ACTION COMPLAINT

41.   As a result of Defendant's false, misleading, and deceptive representation that its Hansen's Natural Sodas are "natural", Defendant injured Plaintiff and members of the Class, in that Plaintiff and members of the putative Class:

(a)   paid a sum of money for the Hansen's Natural Sodas that were not as represented;

(b)   were deprived the benefit of the bargain because the Hansen's Natural Sodas they purchased were different from what Defendant warranted;

(c)   were deprived the benefit of the bargain because the Hansen's Natural Sodas they purchased had less value than what Defendant represented;

(d)   received Hansen's Natural Sodas that were of a different quality than what Defendant promised; and

(e)   were denied the benefit of truthful drink labels.

42.   Plaintiff and members of the putative Class would not have purchased the Hansen's Natural Sodas if they had known that the Hansen's Natural Sodas were not "natural."

43.   Alternatively, Plaintiff and members of the putative Class would not have purchased the Hansen's Natural Sodas at the price paid had they known that the Hansen's Natural Sodas contained artificial and synthetic ingredients and are thus, not "natural."

44.   Had Defendant not made the false, misleading, and deceptive "natural" representations, Plaintiff and members of the putative Class would not have been economically injured.

45.   Accordingly, Plaintiff and members of the putative Class have suffered injury in fact, lost money or property, and suffered economic damages as a result of Defendant's wrongful conduct.

12

CLASS ACTION COMPLAINT

46.     Therefore, Plaintiff and members of the Class are entitled to damages and equitable relief, including, but not limited to, injunctive relief, restitution, and disgorgement.

47.     Plaintiff and members of the Class also seek injunctive relief in the form of an order prohibiting Defendant from selling the deceptively advertised Hansen's Natural Sodas and for corrective advertising.

## CLASS ALLEGATIONS

48.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Nationwide Class, or, in the alternative Multi-State Class:

### Nationwide Class

All citizens of the United States who purchased Defendant's Hansen's Natural Sodas for personal use until the date notice is disseminated.

### Multi-State Class

All persons in California and other states with similar laws,[14] who purchased Defendant's Hansen's Natural Sodas for personal use until the date notice is disseminated.

49.     In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California consumers pursuant to Rules 2 (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following California Class:

---

[14]     While discovery may alter the following, Plaintiff preliminarily avers other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Florida (Fla. Stat. §§ 501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. Ann. §§ 505/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws §§ 445.901, *et seq.*); Minnesota (Minn. Stat. §§ 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. §§ 407.010, *et seq.*); New Jersey (N.J. Stat. §§ 56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law §§ 349, *et seq.*; and Washington (Wash. Rev. Code §§ 19.86.010, *et seq.*) (collectively, the "Multi-State Class States").

BLOOD HURST & O'REARDON, LLP

00140664

13

CLASS ACTION COMPLAINT

**California-Only Class**

All persons in California who purchased Defendant's Hansen's Natural Sodas for personal use until the date notice is disseminated.

50.    Excluded from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

51.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

52.    This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

53.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** Plaintiff is informed and believes, and on that basis alleges, that Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of hundreds of thousands of purchasers dispersed throughout the United States, and the California Class likewise consists of thousands or tens of thousands of purchasers throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

54.    **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

(a)    Whether Defendant made material representations and omissions in the marketing and sale of the Hansen's Natural Sodas;

BLOOD HURST & O'REARDON, LLP

(b)   Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling its Hansen's Natural Sodas;

(c)   Whether Defendant violated California Bus. & Prof. Code §§ 17200, *et seq.*, and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*;

(d)   Whether Defendants committed a breach of express warranty;

(e)   Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

(f)   Whether Plaintiff and the Class members have sustained damage as a result of Defendant's unlawful conduct; and

(g)   The proper measure of damages sustained by Plaintiff and Class Members.

55.   **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because Plaintiff, like the Class members, purchased Defendant's falsely advertised Hansen's Natural Sodas. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class members' claims arise from the same practices and course of conduct and are based on the same legal theories.

56.   **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the Members of the Class Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of members of the Class and has retained counsel

BLOOD HURST & O'REARDON, LLP

CLASS ACTION COMPLAINT

BLOOD HURST & O'REARDON, LLP

1  experienced and competent in the prosecution of complex class actions including

2  complex questions that arise in consumer protection litigation.

3      57.    **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class

4  action is superior to other available methods for the fair and efficient

5  adjudication of the present controversy because it will permit a large number of

6  claims to be resolved in a single forum simultaneously, efficiently, and without

7  the unnecessary hardship that would result from the prosecution of numerous

8  individual actions and the duplication of discovery, effort, expense and burden

9  on the courts that individual actions would engender. The benefits of proceeding

10  as a class action, including providing a method for obtaining redress for claims

11  that would not be practical to pursue individually, are far superior than any

12  difficulties that might be argued with regard to the management of this class

13  action. This superiority makes class litigation superior to any other method

14  available for the fair and efficient adjudication of these claims. Absent a class

15  action, it would be highly unlikely that the representative Plaintiff or any other

16  members of the Class would be able to protect their own interests because the

17  cost of litigation through individual lawsuits might exceed expected recovery.

18      58.    Because Plaintiff seeks relief for all members of the Class, the

19  prosecution of separate actions by individual members would create a risk of

20  inconsistent or varying adjudications with respect to individual members of the

21  Class, which would establish incompatible standards of conduct for Defendant.

22      59.    The prerequisites to maintaining a class action for injunctive or

23  equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has

24  acted or refused to act on grounds generally applicable to the Class, thereby

25  making appropriate final injunctive or equitable relief with respect to the Class as

26  a whole.

27      60.    The prerequisites to maintaining a class action pursuant to Fed. R.

28  Civ. P. 23(b)(3) are also met as questions of law or fact common to Class

CLASS ACTION COMPLAINT

00140664

1    members predominate over any questions affecting only individual members,

2    and a class action is superior to other available methods for fairly and efficiently

3    adjudicating the controversy.

4                               **CAUSES OF ACTION**

5                                    **COUNT I**

6    **Violation of the California Consumers Legal Remedies Act ("CLRA")**

7                        **Cal. Civ. Code §§ 1750,** *et seq.*

8        61.    Plaintiff re-alleges and incorporates by reference all allegations set

9    forth in the preceding paragraphs as if fully set forth verbatim herein.

10       62.    Plaintiff brings this claim under the Consumer Legal Rights Act,

11   Civil Code section 1750, *et seq.*, (the "CLRA"), on behalf of herself and the

12   Class against Defendant.

13       63.    At all times relevant hereto, Plaintiff and members of the Subclass

14   were "consumer[s]," as defined in Civil Code section 1761(d).

15       64.    At all times relevant hereto, Defendant constituted a "person," as

16   defined in Civil Code section 1761(c).

17       65.    At all times relevant hereto, the Hansen's Natural Sodas

18   manufactured, marketed, advertised, and sold by Defendant constituted "goods,"

19   as defined in Civil Code section 1761(a).

20       66.    The purchases of the Hansen's Natural Sodas by Plaintiff and

21   members of the Class were and are "transactions" within the meaning of Civil

22   Code section 1761(e).

23       67.    Defendant disseminated, or caused to be disseminated, through its

24   advertising— including the Hansen's Natural Sodas' labeling that the Hansen's

25   Natural Sodas were and are "natural," which they are not because the Hansen's

26   Natural Sodas contain artificial and/or synthetic ingredients. Defendant's

27   representations violate the CLRA in at least the following respects:

28

BLOOD HURST & O'REARDON, LLP

00140664

(a)     In violation of Civil Code § 1770(a)(5), Defendant represented that the Hansen's Natural Sodas have characteristics, ingredients, uses, and benefits which they do not have;

(b).    In violation of Civil Code § 1770(a)(7), Defendant represented that the Hansen's Natural Sodas are of a particular standard, quality, or grade, which they are not;

(c)     In violation of Civil Code § 1770(a)(9), Defendant advertised the Hansen's Natural Sodas with an intent not to sell the Products as advertised; and

(d)     In violation of Civil Code § 1770(a)(16), Defendant represented that the subject of the sale of the Hansen's Natural Sodas has been supplied in accordance with a previous representation when it has not.

68.     Defendant violated the CLRA because the Hansen's Natural Sodas are not "natural" because they contain artificial and synthetic ingredients, as described above. Defendant knew or should have known that its Hansen's Natural Sodas were not "natural" because Defendant created Hansen's Natural Sodas using the artificial and synthetic ingredients described above.

69.     Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and was wanton and malicious.

70.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant is still representing that its Hansen's Natural Sodas have characteristics which they do not have.

71.     Pursuant to Civil Code section 1782(d), Plaintiff and members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein, and for restitution and disgorgement.

BLOOD HURST & O'REARDON, LLP

72.     Pursuant to Civil Code section 1782, Plaintiff notified Defendant in writing by certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. A copy of the letter is attached hereto as Exhibit B.

73.     Pursuant to § 1782(d) of the Act, Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

74.     If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the CLRA, Plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

75.      Pursuant to § 1780(d) of the CLRA, attached as Exhibit C is an affidavit showing that this action was commenced in a proper forum.

**COUNT II**

**Violation of the California Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

76.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

77.     Plaintiff brings this claim under California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.* ("UCL"), on behalf of herself and the Class against Defendant. The UCL prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

78.     Defendant committed unlawful business acts or practices by, among other things, making the representations (which also constitutes advertising within the meaning of § 17200), as set forth more fully herein, and violating

BLOOD HURST & O'REARDON, LLP

19

00140664

Civil Code sections 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16) and Business & Professions Code section 17500, *et seq.*, and the common law. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

79.     Defendant committed "unfair" business acts or practices by, among other things: (1) engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and (3) engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged in this Class Action Complaint. There is no societal benefit from false advertising—only harm. Plaintiff and the other Class members paid for a product that is not as advertised by Defendant. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations. As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

80.     Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding its Hansen's Natural Sodas as set forth fully herein. Defendant's business practices as alleged herein are "fraudulent" under the UCL because they are likely to deceive customers into believing the Hansen's Natural Sodas are "natural" when the Hansen's Natural Sodas are not natural but contain artificial and synthetic ingredients.

81.     Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations, which are described above. This reliance has caused harm to Plaintiff and the

BLOOD HURST & O'REARDON, LLP

CLASS ACTION COMPLAINT

other members of the Class, each of whom purchased Defendant's Hansen's Natural Sodas. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Hansen's Natural Sodas and Defendant's unlawful, unfair, and fraudulent practices.

82.     Defendant's wrongful business practices and violations of the UCL are ongoing.

83.     Pursuant to Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court enjoining Defendant from engaging in the unfair competition alleged herein in connection with the sale of its Hansen's Natural Sodas. Additionally, Plaintiff requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of the unfair competition alleged herein.

84.     Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

85.     Plaintiff requests all applicable remedies, awards, damages, and relief allowable under the UCL.

## COUNT III

### Breach of Express Warranty

86.     Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein verbatim.

87.     Defendant promised and expressly warranted that its Hansen's Natural Sodas were "natural."

88.     Every Hansen's Natural Soda product sold to Plaintiff and members of the Class came in a container with the written representation on front that it was "natural."

CLASS ACTION COMPLAINT

89.     These promises and affirmations of fact constitute express warranties that became part of the basis of the bargain between Plaintiff and the members of the Class on the one hand and Defendant on the other.

90.     All conditions precedent to Defendant's liability under the contract, including notice, has been performed by Plaintiff and the Class.

91.     Defendant has breached the terms of its express warranties by failing to provide Hansen's Natural Sodas that are "natural" as warranted.

92.     As a result of Defendant's breach of its warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Hansen's Natural Sodas at issue.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Class Action Complaint, as follows:

A.     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.     Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair and fraudulent business practices;

C.     Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

D.     Ordering damages for Plaintiff and the Class;

E.     Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

BLOOD HURST & O'REARDON, LLP

00140664

1    F.    Ordering Defendant to pay both pre- and post-judgment interest on

2  any amounts awarded; and

3    G.    Ordering such other and further relief as may be just and proper.

4                              Respectfully submitted,

5  Dated: September 25, 2018          BLOOD HURST & O'REARDON, LLP
                                       TIMOTHY G. BLOOD (149343)
6                                      THOMAS J. O'REARDON II (247952)
                                       CRAIG W. STRAUB (249032)
7

8                              By:        s/ Timothy G. Blood
                                       TIMOTHY G. BLOOD
9
                               501 West Broadway, Suite 1490
10                             San Diego, CA 92101
                               Tel: 619/338-1100
11                             619/338-1101 (fax)
                               tblood@bholaw.com
12                             toreardon@bholaw.com
                               cstraub@bholaw.com
13
                               THE FRASER LAW FIRM, P.C.
14                             MICHAEL T. FRASER (275185)
                               4120 Douglas Blvd., Suite 306-262
15                             Granite Bay, CA 95746
                               Tel: 888/557-5115
16                             866/212-8434 (fax)
                               mfraser@thefraserlawfirm.net
17
                               *Attorneys for Plaintiff*
18

19

20

21

22

23

24

25

26

27

28

00140664

BLOOD HURST & O'REARDON, LLP